**Robin K.A. FICKER, Plaintiff,**

v.

**John W. TUOHY and John Does 1–10, Defendants.**

**No. CIV.A.AW–04–436.**

United States District Court,
D. Maryland,
Southern Division.

Feb. 25, 2004.

Robin K.A. Ficker, Bethesda, MD, Pro se.

Daniel S. Willard, Rockville, MD, for Defendants.

### *MEMORANDUM OPINION*

WILLIAMS, District Judge.

Plaintiff Robin K.A. Ficker has filed suit against Defendants John Tuohy and John Does 1–10 alleging that Defendants' purchase and use of the domain name "robinficker.com" constitute: (1) violations of the Anti-cybersquatting Consumer Protection Act ("ACPA"); (2) violations of the Lanham Act; (3) common-law misappropriation of the right of publicity; and (4) common-law misappropriation, infringement, and unfair competition. Pending before this Court is Plaintiff's Motion for Temporary Restraining Order [2]. In particular, Plaintiff has requested that the Court issue an Order restraining Defendants from using or displaying any and all websites using the domain name "robinficker.com" or any domain name confusingly similar thereto. On February 26, 2004, the Court conducted a conference call with Plaintiff

Ficker and Counsel for Defendant Tuohy. Upon consideration of the briefs filed in support of and in opposition to the motion, as well as the parties' arguments during the conference call, the Court will **DENY** Plaintiff's motion for a temporary restraining order.

## I. *Factual Background*

Plaintiff is an attorney practicing in Montgomery County, Maryland, who is presently a candidate for the Republican nomination for election to the 8th Congressional District of Maryland. Mr. Ficker owns the domain name "robinficker2004.com", which houses his campaign website. According to Plaintiff, Defendant Tuohy owns the domain name "robinficker.com". The website currently provides summaries of disparaging news stories related to Mr. Ficker

Plaintiff's Complaint requests relief on the following counts:

Count I: Cybersquatting Pursuant to 15 U.S.C. § 1125(d)

Count II: False Designation Pursuant to the Lanham Act, 15 U.S.C. § 1125(a)

Count III: Common–Law Misappropriation of Right of Publicity

Count IV: Common–Law Misappropriation, Infringement, and Unfair Competition

Plaintiff's has moved this Court to issue an order temporarily restraining Defendants from using and displaying any websites using the domain name "robinficker.com" or any domain name similar thereto.

## II. *Analysis*

■ In deciding whether to grant a motion for temporary restraining order or preliminary injunction, the Court must consider the following four factors:

(1) the likelihood of irreparable harm to the plaintiff in the preliminary injunction is denied,

(2) the likelihood of harm to the defendant if the requested relief is granted,

(3) the likelihood that the plaintiff will succeed on the merits, and

(4) the public interest.

*Manning v. Hunt,* 119 F.3d 254, 263 (4th Cir.1997) (citing *Direx Israel, Ltd. v. Breakthrough Medical Corp.,* 952 F.2d 802, 812 (4th Cir.1991) (quoting *Rum Creek Coal Sales, Inc. v. Caperton,* 926 F.2d 353, 359 (4th Cir.1991))). The plaintiff bears the burden of proof, *Manning,* 119 F.3d at 263. Furthermore, the first two factors are most important, *Rum Creek Coal Sales, Inc.,* 926 F.2d at 359, and "[e]mphasis on the balance of these first two factors results in a sliding scale that demands less of a showing of likelihood of success on the merits when the balance of hardships weighs strongly in favor of the plaintiff, and vice versa." *In re Microsoft Corporation Antitrust Litigation,* 333 F.3d 517, 526 (4th Cir.2003).

■ First, after balancing the irreparable harm to Plaintiffs and the harm to Defendants, the Court finds that the harm to Defendants clearly outweighs the harm to Plaintiffs. Plaintiff has failed to demonstrate that he will suffer irreparable harm if the Court denies the requested relief. The Court notes that the website "robinficker.com" contains a disclaimer which states as follows: "This is an unofficial cite. It is not Robin Ficker for U.S. Congress. Robin Ficker for Congress can be found *here.*" Accordingly, visitors are not misled into believing they have accessed Mr. Ficker's campaign website. As such, Mr. Ficker could only be harmed by the disparaging information presented on the website, and, as discussed in further detail below, this language implicates Defendants' First Amendment rights to free speech. Furthermore, by entering the public arena as a candidate for political

office, has invited comments and critique which operates in the spirit of healthy democracy in this country. In addition, the Court rejects Plaintiff's contention that the website has a commercial purpose and affects Plaintiff's law practice—"robinficker.com" is clearly a political website whose sole purpose is to address concerns regarding Mr. Ficker's Congressional campaign. Moreover, the Court finds that the likelihood of harm to the Defendants is significant. The Court is particularly concerned with the threat to Defendants' right to free speech under the First Amendment.

In addition, the Court further finds Plaintiff has failed to demonstrate a likelihood of success on the merits of the case. The Court is not convinced, at this point, that the ACPA provides coverage for personal names that are not trademarked, where the websites have no commercial use. In particular, the Court notes that the Lanham Act provides "non-commercial use of a mark" is not actionable under section 43 of the act. Moreover, this suit's implication of Defendants' First Amendment rights is an overriding issue. The First Amendment protection of speech is a core value of our democracy and this Court recognizes the First Amendment's particularly important role in political campaigns.

Finally, the Court finds that the public has an interest in the resolution of this matter. Indeed, the public has an interest in maintaining the fairness and integrity of the electoral process. On the other hand, the public has an interest in preventing any encroachment on the right to free speech under the First Amendment. As such, this public interest cuts both in favor of and in opposition to Plaintiff's motion.

### III. *Conclusion*

For the reasons discussed above, this Court will deny Plaintiff's motion for a temporary injunction. This Court expresses no views as to whether service has been properly affected. To the extent Plaintiff wishes to pursue this suit, proper service is necessary—no discovery will be issued until proper service and response have occurred.

### *ORDER*

For the reasons stated in this Court's Memorandum Opinion dated February 26, 2004, IT IS this 26th day of February, 2004, by the United States District Court for the District of Maryland, **ORDERED:**

1. That Plaintiff's Motion for Temporary Restraining Order [2] BE, and hereby the same IS, **DENIED;** AND;

2. That the Clerk of the Court transmit a copy of the Memorandum Opinion and Order to all counsel and parties of record.